IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DENNIS SCAGGS, | § | |
| | § | |
| V. | § | CASE NO. 4:12-CV–00028-RAS-DDB |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED**

**HISTORY OF THE CASE**

Plaintiff protectively filed an application for Supplemental Security Income disability benefits under Title II of the Social Security Act on January 12, 2009, claiming entitlement to disability benefits due to ataxia, and cerebellar atrophy causing dizziness, stumbling, falling, shaking, double vision, difficulty with writing and eating, slurring of speech, muscle weakness, and lack of coordination of hands, arms, and legs. Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Fort Worth, Texas on January 12, 2010. Plaintiff was represented by counsel at the proceeding. At the hearing, Plaintiff and the ALJ's vocational expert, Shelly K. Ike, testified.

On February 26, 2010, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied July 25, 2011. Therefore, the February 26, 2010 decision of the ALJ became the final decision of the Commissioner

1

for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant meets the non-disability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act, and is insured for benefits through his date last insured of December 30, 2007.

2. The claimant has not engaged in substantial gainful activity during the period from his alleged onset date of January 7, 2009(sic) through his date last insured of December 30, 2007.

3. The claimant's cerebellar atrophy, cognitive disorder, and lumbar degenerative disc disease are considered "severe" based on the requirements in the Regulations. 20 C.F.R. § 404.1520(c).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds that the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant has the following residual functional capacity: to lift and carry 10 pounds frequently; stand and walk for at least 2 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; occasionally climb ramps and stairs, kneel, crouch, crawl, and stoop; sustain work mentally; understand, remember, and carry out detailed instructions; make judgments on detailed work related decisions; and respond appropriately to supervision, co-workers, and work pressures, but claimant was restricted from climbing ladders, ropes, or scaffolds; balancing; or working in environments with exposure to hazardous moving machinery or at unprotected heights.

7. The claimant's past relevant work as a computer programmer required the performance of work-related activities precluded by his residual functional capacity. Thus, claimant's medically determinable limitations prevent the claimant from performing his past relevant work. 20 C.F.R. § 404.1565.

8. Considering claimant's residual functional capacity, claimant had acquired

   work skills from past relevant work that were transferable to other occupations with jobs existing in significant numbers in the national economy.

9. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision. 20 C.F.R. § 404.1520(g).

(Tr. 42-50).

## **STANDARD OF REVIEW**

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v.*

*Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to

the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the fifth step.

## **ANALYSIS**

Plaintiff's first point of error is that the ALJ failed to give proper analysis to a treating physician's opinion. Plaintiff points to a questionnaire submitted to Plaintiff's neurologist, Dr. Shah. TR 321. In December 2008, after the date Plaintiff was last insured, Dr. Khan had an MRI of the brain performed. The study demonstrated prominent cereballar atrophy. Dr. Khan prescribed folic acid. In a letter dated September 28, 2010, Dr. Khan opined that, given Plaintiff's condition, it was unlikely he would be able to work in the near future or any time in the distant future. TR 357. Dr. Khan stated that Plaintiff suffered from motor as well as memory problems. On the same date ,his treatment notes note that he is present for evaluation of his ataxia. Dr. Khan states that he is doing well, that his balance is about the same, but he has trouble using his hands, typing, or using a mouse and that his eyes move back and forth sometimes. He denies other neurological or constitutional symptoms. The notes state that he is to follow up in six months. The fill-in-the-blank questionnaire provided to Dr. Khan stated that his onset date was January 1, 2007. This was the same date that Plaintiff alleged in his application. TR 15.

The ALJ gave Dr. Khan's opinion no weight. The ALJ stated that the medical evidence prior to January 2008 indicated a level of function consistent with the ability to perform substantial gainful activity. As the ALJ noted, Dr. Khan did not exam the claimant until two years after his insured status expired. "The opinion of the treating physician who is familiar with the claimant's impairments, treatments and responses, should be accorded great weight in determining disability." *Newton v. Apfel*, 209 F.3d 448,455 (5th Cir. 2000). A treating physician's opinion on the nature and

5

severity of a patient's impairment will be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with ... other substantial evidence." *Id.* Although the "opinion and diagnosis of a treating physician should be afforded considerable weight in determining disability, the ALJ has sole responsibility for determining a claimant's disability status." *Id.* The "ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Id.* "The treating physician's opinions are not conclusive." *Id.* "The opinions may be assigned little or no weight when good cause is shown." *Id.* "Good cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Id.*

The examinations in 2008 reveal for the most part only complaints as to back pain. In November 2008 he self reports his pain at 1/10. TR 190. Although the doctor did note balance and dizziness issues, most of the objective and physical studies were negative. Notes indicate that his occasional stumbling had increased lately. TR 195. However, this was well after the expiration period for benefits. After a thorough review of the evidence, the Court finds that the ALJ's findings as to Dr. Khan are supported by the evidence.

Plaintiff also states that the ALJ should have called a medical advisor to determine an onset date for disability. However, since the ALJ found that the Plaintiff was not disabled through the date last insured, it hardly makes sense to determine a different onset date. There is no need to contact a medical advisor where the onset date is not ambiguous. *See Luckey v. Astrue*, 458 Fed. Appx. 322 (5th Cir. 2011). There is simply no evidence in the record to indicate that Plaintiff was worse off before December 1, 2007 than his last date of insurance. In fact, there are no records which would

support an earlier onset date. Absent a finding of disability, there is no need to infer an onset date. *See Nix v. Barnhart*, 160 Fed. Appx. 393 (5th Cir. 2005). Plaintiff's second point is overruled.

## **RECOMMENDATION**

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Administrative Law Judge be **AFFIRMED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days shall bar an aggrieved party from attacking the factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc).

**SIGNED this 18th day of June, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE